J-S57010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM GEORGE | : | |
| | : | |
| Appellant | : | No. 316 MDA 2019 |

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002215-2005

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 03, 2020**

Kareem George appeals from an order entered on January 17, 2019, denying Appellant's petition to modify his sentence.  After careful review, we affirm.

On December 19, 2002, Appellant and his cousin were at the Dragonfly nightclub on Second Street in Harrisburg.  **See** N.T. Guilty Plea and Sentencing Hearing, 8/27/07, at 11.  While at the nightclub, they got into a fight with Donnell Haith, Luis Figueroa, Steven Graves, and Brian Neal (collectively, the "victims").  **Id**.  The bouncers separated the two groups and escorted them out of the club.  The men continued fighting outside of the club, until both parties entered the parking garage across the street in order to retrieve their vehicles.  **Id**.  Once in the garage, Appellant retrieved a handgun and began firing it at the victims.  Donnell Haith was struck and killed.  **Id**.  Appellant and his cousin fled the parking garage.  **Id**. at 12.

On August 27, 2007, Appellant entered into a negotiated guilty plea to third-degree murder, flight to avoid apprehension, person not to possess a firearm, carrying a firearm without a license, and three counts of recklessly endangering another person. In exchange for his guilty plea, the parties agreed that Appellant would receive a sentence of fifteen to thirty years of imprisonment for third-degree murder and the sentences imposed at the remaining charges would run concurrently. The trial court accepted the plea agreement and sentenced Appellant in accordance with its terms. Appellant did not file a post-sentence motion or a direct appeal.

On August 21, 2008, Appellant filed a timely *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"). In his petition, Appellant alleged ineffective assistance of counsel and claimed that he had obtained after-discovered evidence that one of the Commonwealth's preliminary hearing witnesses had lied about being present at the shooting. Appointed PCRA counsel filed a motion requesting an evidentiary hearing. The PCRA court issued a Pa.R.Crim.P. 907 notice, indicating its intent to dismiss the petition without a hearing. On October 22, 2009, the court denied Appellant's PCRA petition. After a **Grazier**[1] hearing, Appellant filed a *pro se* appeal *nunc pro tunc*. We affirmed the dismissal of Appellant's PCRA petition. **Commonwealth v. George**, 15 A.3d 532 (Pa.Super. 2010) (unpublished memorandum).

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

On December 24, 2012, Appellant filed a second PCRA petition. After issuing the required Rule 907 notice, the PCRA court dismissed Appellant's second petition as untimely. We affirmed the dismissal. **See Commonwealth v. George**, 96 A.3d 1091 (Pa.Super. 2014) (unpublished).

On February 8, 2016, Appellant filed his third PCRA petition. He alleged after-discovered evidence that his parole violation sentence was not running concurrently to his third-degree murder sentence, which he argued was in violation of the terms of his plea agreement. The PCRA court issued a notice of intent to dismiss, and subsequently denied Appellant's PCRA petition as untimely. On appeal, we found that the issue should have been addressed as a contract dispute and remanded for further proceedings consistent with our memorandum. **Commonwealth v. George**, 181 A.3d 1213 (Pa.Super. 2017) (unpublished).

On remand, the sentencing court held an evidentiary hearing. Appellant testified and both sides submitted post-hearing briefs. On January 17, 2019, the court found that parole "back time" was not a term of Appellant's plea agreement and denied his petition to modify his sentence. Appellant filed a notice of appeal. Both Appellant and the lower court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Whether the lower court erred in its findings of facts which resulted in an erroneous conclusion of law denying Appellant [procedural] due process to the relief sought?" Appellant's brief at 5. More specifically, Appellant alleges that he

entered into a negotiated plea with the understanding that he would receive an aggregate sentence of fifteen to thirty years that would run concurrently with his parole violation sentence. *Id*. at 6. Since his sentence has been applied consecutively to the parole "back time," he argues that the terms of his plea agreement have been violated. The lower court held that the parole violation sentence was not a term of the plea agreement. We agree.

"In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Commonwealth v. Fruehan*, 557 A.2d 1093, 1095 (Pa.Super. 1989) (internal citations omitted). Such a determination is made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." *Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa.Super. 1995).

The Commonwealth began the guilty plea hearing by laying out the terms of the negotiated plea agreement, which offered a term of fifteen to thirty years of imprisonment in exchange for Appellant's plea to third-degree murder and the other aforementioned charges. *See* N.T. Guilty Plea and Sentencing Hearing, 8/27/07, at 2. The prosecutor went on to acknowledge that "there were some discussions about parole revocations and those sorts of things" and that he hoped that the court could "clear up any questions" Appellant had in this area. *Id*. at 3. Later, the prosecutor repeated the terms of Appellant's plea, as follows:

[Commonwealth]: There is a plea agreement. I've explained it to the [c]ourt. The Commonwealth agrees that you would receive a sentence for the charge of third degree murder of [fifteen] to [thirty] years in prison. The remaining charges would run concurrent to that. Do you understand that?

[Appellant]: Yes.

[Commonwealth]: Then there has been some discussion, I guess now is the point to discuss it, that has been raised by your attorney concerning whether your sentences would run concurrent, consecutive or what would be the status to any potential parole hit that you have; is that correct?

[Appellant]: Yes.

[Commonwealth]: I don't know if --

[Plea counsel]: Your Honor, if I may, I think what we've decided, [Appellant] will correct me if I'm wrong here, is we would ask for the effective date of the sentence to be today, understanding that if something happens with state parole and he does not receive the proper credit for the time of his arrest until today's date, we would be able to petition this [c]ourt to have the sentence corrected to reflect that.

The Court: Okay.

[Plea counsel]: We would ask as discussed at sidebar that you make this sentence run concurrently with the technical parole violation he's already received from his green sheet of a one year sentence.

The Court: To the extent that I can.

[Plea counsel]: As you can by law. And then we would – I think that's how we covered the parole issue. Am I right, [Appellant]?

[Appellant]: Yes.

The Court: The sentence will be effective today. That was no question. [Appellant], I just want to be crystal clear, to the extent that I can make it concurrent with your technical violations I would

do that. But I'm not even so sure I can do that. I just want to be clear with you that that may not happen. Do you understand that?

[Appellant]: (Nods head).

The Court: I'm recommending it. I'm stating that for the record. But that can be ignored by the Parole Board. Do you understand that?

[Appellant]: Yes.

The Court: I just don't want you -- I want to be crystal clear about that. You understand it?

[Appellant]: (Nods head).

[Commonwealth]: Okay. Do you have any questions at this point in time about the plea agreement?

[Appellant]: No.

N.T. Guilty Plea and Sentencing Hearing, 8/27/07, at 8-10.

Further into the hearing, after the Commonwealth asked the Court if it would accept the plea, the following discussion occurred:

The Court: Sure. The plea agreement is the 15 to 30 years on the third degree murder, all the rest are concurrent. The issue with whether he gets credit or not on the underlying parole technical or the ultimate parole hit on the back time, that's not part of the plea agreement, that if the Parole Board does not give you credit that's not a condition of the plea agreement?

[Plea counsel]: Right. We would note that you're going to.

The Court: I'm asking for it but I just want to make sure that portion –

[Plea counsel]: Correct.

Court: That's what I don't know and I don't want that to be part of this, even though I'm going to do what you ask. That's not a condition of his plea agreement.

[Plea counsel]: Right. We understand that.

*Id*. at 14-15.

The sentencing hearing transcript, as summarized above, supports the trial court's denial of Appellant's petition to modify sentence. Appellant was informed multiple times during that hearing that the parole board could ignore the sentencing court's request to run the parole back time concurrently with the sentence it was imposing on Appellant's guilty plea. *Id*. at 14-15, 27. The sentencing court also unambiguously stated that the only term of the plea agreement was that Appellant would receive a sentence of fifteen to thirty years of imprisonment at the third-degree murder charge and that the other sentences imposed at this case would run concurrent to the murder charge. Finally, the court explicitly reminded Appellant that the parole back time issue was **not** a part of the plea agreement and that, while the trial court could request that his sentence be run concurrent with the parole back time, it could not guarantee that result. Throughout, Appellant repeatedly indicated that he understood the terms of his plea agreement and agreed to be bound by them.

Appellant counters that a later section of the hearing transcript belies the lower court's holding that the plea agreement did not include the parole back time. *See* Appellant's brief at 8. He contends that his due process rights were violated when the sentencing court failed to consider the following exchange in its analysis:

The Court: I'll give him credit from –

[Plea counsel]: We don't want credit.

The Court: Ultimately I want to be sure – you can file the petition to confirm those dates.

[Plea counsel]: I will if we need to get into that.

The Court: The sentence I just imposed is effective today's date. To the extent that the Court can, this sentence can run concurrently with the sentence that the – parole sentence on the technical violations. That's pursuant to the plea agreement. Anything else you want in that regard?

[Plea counsel]: No, sir.

The Court: That seems to me to comply not with the plea agreement but with what our discussion was. The full understanding that there's – the Court may not have the authority to do that. And if we don't, we'll give [Appellant] the appropriate time credit. You'll file your petition within [thirty] days to make that clear on the record. You both should agree to what that is. All right.

N.T. Guilty Plea and Sentencing Hearing, 8/27/07, at 27.

Importantly, the above exchange followed a lengthy discussion wherein the parties and the court attempted to discern what date Appellant was arrested in connection with this case. Ultimately, the sentencing court encouraged the defense to petition for time credit with the proper dates if the parole board refused to structure the sentence concurrently. Viewed in its proper context, this exchange is consistent with the trial court's earlier pronouncement that the parole back time issue was not a part of the plea agreement. Accordingly, Appellant's argument fails. Since Appellant has failed to persuade us that he did not receive the full benefit of the bargain to

which he was entitled, we affirm the lower court's denial of his motion to modify sentence.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/03/2020

---

[2] Appellant also levels a contention that a previous memorandum by our court determined that running the third-degree murder sentence concurrently with the parole back time was a term of the plea agreement. Appellant's brief at 12. This is a mischaracterization of our previous decision, which did not reach the merits of Appellant's argument. Instead, we remanded for proceedings to clarify the scope of the plea agreement and so that the sentencing court could "determine whether [Appellant] has received the benefit of his plea agreement." *See Commonwealth v. George*, 181 A.3d 1213 (Pa.Super. 2017) (unpublished). Therefore, this argument also has no merit.